IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDINATURA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, *et al.* <br><br> Defendants. | Civil Action No. 1:20-cv-02066-RDM |

## PLAINTIFF'S SUPPLEMENTAL REPORT AND REQUEST FOR STATUS CONFERENCE

Plaintiff MediNatura, Inc. hereby requests a status conference with the Court pursuant to Fed. R. Civ. P. 16. In support of this request, MediNatura states as follows:

In this action, MediNatura challenges the withdrawal of CPG 400.400 and the addition of certain MediNatura products to an Import Alert. MediNatura sought a preliminary injunction to enable it to continue importing its products during the pendency of the dispute. By Order dated October 23, 2020, this Court dismissed Counts II and III (challenging the addition of MediNatura products to the Import Alert)[1] for lack of final agency action, and denied MediNatura's motion for preliminary injunction as to the remaining Count I. ECF No. 27. MediNatura noticed an appeal of the order denying preliminary injunction on November 16, 2020, ECF No. 29, and thereafter moved for entry of partial final judgment as to the dismissed counts, ECF No. 31. That motion is currently pending.

---

[1] The Court also dismissed Count IV (challenging FDA's failure to consider alternative NDA or GRAS/E processes) on the grounds that it was not a separate claim, but committed to considering the stated theory of recovery as part of Count I (challenging withdrawal of CPG 400.400). ECF No. 27 at 58.

Among the issues noticed for appeal to the DC Circuit is this Court's finding, on the record before it, that the FDA is not "so set in its position about the safety of MediNatura's products that it would be unwilling to consider arguments to the contrary." ECF No. 27 at 54. This Court concluded that MediNatura has a meaningful opportunity to present evidence to the FDA in a hearing challenging the detention of its shipments, and that accordingly, placement of a product on the Import Alert does not represent the culmination of the agency's decision-making process. *Id.* at 54-55.

In response to questions raised during oral argument on September 3, 2020, MediNatura filed a supplement updating the Court on its efforts to import its injectable products in August 2020. ECF No. 25. Since those efforts, MediNatura has attempted six additional shipments of products, none of which have been released (five "detained" one "on hold"). *See* December 10, 2020 Declaration of Cliff Clive ("Clive 3d Decl."), attached hereto as Exhibit 1, at ¶ 9. Despite MediNatura's full and prompt participation in the hearing process through submission of written testimony and its prompt responses to FDA inquiries, the FDA has not reached an admissibility decision for any of the detained shipments, and there is no timetable by which the FDA has indicated that it will act. *Id.* ¶ 10. Rather, in all cases, the field offices have advised that they are awaiting guidance from CDER at the FDA main office as to how to proceed. *Id.* FDA regulations do not provide any duration or deadline by which FDA will act.

The result of these thwarted efforts to import product is that MediNatura's inventory already is completely depleted as to four of the six products at issue in this litigation, and the remaining two products are on the verge of being out of stock. *See* Clive 3d Decl. ¶ 11–12. The DC Circuit has not yet set a briefing schedule on MediNatura's pending appeal, although MediNatura will be filing a motion to expedite, consistent with DC Circuit practice for preliminary

injunction appeals, upon consultation with the FDA of its position. On the current schedule, MediNatura's Practitioner Division is unlikely to remain in existence for the duration of the litigation and the viability of the company is severely threatened. As these developments may inform the Court's judgment as to the manner and timing of further proceedings in this action, and in light of the pending appeal, MediNatura requests a status conference to enable the parties and the Court to evaluate them.

Respectfully submitted,

Dated: December 10, 2020 　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Jason R. Scherr
Jason R. Scherr, Bar No. 466645
jr.scherr@morganlewis.com
David B. Salmons
david.salmons@morganlewis.com

1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:     +1.202.739.3000
Facsimile:     +1.202.739.3001

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I caused the following to be uploaded via the Court's CM/ECF system, which will serve all counsel in this case.

/s/ Jason R. Scherr
Jason R. Scherr
